Kirkpatrick C. J.
It appears from the papers sent up with this return, that David Van Doren, the assignor, was about to go before the grand jury to make complaint against Robert Price, the plaintiff here, for an assault and battery which he alleged he had made upon him; that Price, in order to satisfy Van Doren and to prevent him from making his complaint, gave him his obligation 50 dollars; that Van Doren assigned this obligation to Summers, the defendant here, and that this action is brought upon that obligation.
It is now objected that this obligation is for an unlawful consideration, and therefore void; that it is made to stifle a prosecution for an offence against the public peace, and to let the guilty escape punishment.
This would be carrying the doctrine too far. It is always lawful to make satisfaction for a direct private injury of this kind, and by that means to prevent a public prosecution. Indeed, even after the prosecution has been commenced, if satisfaction be made to the injured, the punishment, generally, will be but nominal. To prevent a prosecution by making satisfaction to the injured, and to suppress a prosecution already commenced by bribing the *668 witnesses, are wholly different things. Let the judgment affirmed.
Southard J.
expressed a doubt, whether the bond was not void, being given to prevent a criminal prosecution.
Judgment affirmed.